UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PRESTON D. PERKINS, JR.,

       Plaintiff,

v.

NAVY FEDERAL CREDIT UNION, and
EXPERIAN INFORMATION SOLUTIONS,
INC.,

       Defendants.

Case No. 2:25-cv-02146-GMN-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion to Compel (ECF No. 62). Because Plaintiff has failed to meet and confer in compliance with the Court's Local Rule, the Motion is denied without prejudice. The Court notes this is not the first time a discovery motion filed by Plaintiff was denied based on a failure to meet and confer. ECF No. 53.

On this occasion, Plaintiff's Motion demonstrates a cursory effort to meet and confer through written communications including an email stating: "This email serves as Plaintiff's second meet-and-confer correspondence." ECF No. 62-4 at 2. However, the U.S. District Court for the District of Nevada local rule, LR IA 1-3, makes clear that email communications do not satisfy meet and confer requirement. *See also*, *R.J. Armstrong Living Tr. v. Holmes*, Case No. 3:22-cv-00375-ART-CSD, 2024 WL 584675, at *1 (D. Nev. Feb. 9, 2024) ("[t]he mere exchange of letters, voicemails, or emails does not satisfy the meet and confer requirement."). As explained in *Cardoza v. Bloomin' Brands, Inc.,* "[t]he [meet and confer] consultation obligation promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought. … To meet this obligation, parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." 141 F.Supp.3d 1137, 1145 (D. Nev. 2015) (internal citation and quote marks omitted).

Plaintiff, even though *pro se*, must comply with the letter and spirit of the Court's local rules. That is, even though Plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Hanines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff is still bound by the all the rules of civil procedure. *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995). Because Plaintiff failed to engage in sincere meet and confer efforts about the subject matter in his Motion, the Motion is denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (ECF No. 62) is DENIED without prejudice.

Dated this 6th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2