UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PRESTON D. PERKINS, JR.,

    Plaintiff,

    v.

NAVY FEDERAL CREDIT UNION, and
EXPERIAN INFORMATION SOLUTIONS,
INC.,

    Defendants.

Case No. 2:25-cv-02146-GMN-EJY

**ORDER**

Pending before the Court is Plaintiff's third Motion seeking an order deeming his Request for Admissions admitted. ECF No. 64. Despite the absence of oppositions or replies, the Court exercises its authority under Rule 1 of the Federal Rules of Civil Procedure and enters this Order. The Motion is denied for three reasons.

First, Plaintiff's RFAs were, at best, premature. Plaintiff served Experian with RFAs on December 10, 2025. Plaintiff served Navy Federal Credit Union with RFAs on December 15, 2025. This was before the parties engaged in the mandatory Federal Rule of Civil Procedure 26(f) conference on January 22, 2026. Under Federal Rule of Civil Procedure 26(d) Plaintiff's Requests for Admissions were an attempt to conduct early discovery in the absence of a court order and therefore were, at best, premature.

Second, Plaintiff did not fulfill the requirements to meet and confer. As explained in *Cardoza v. Bloomin' Brands, Inc.,* "[t]he [meet and confer] consultation obligation promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought. … To meet this obligation, parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." 141 F.Supp.3d 1137, 1145 (D. Nev. 2015) (internal citation and quote marks omitted). Plaintiff sought a meet and confer and Defendants responded providing dates and times they were available. Plaintiff did not select a date and time to meet, but instead requested

1

Defendants state their positions before the conference commenced. Thus, no meet and confer occurred and good faith efforts to engage in a meet and confer are not found.

Third, and most importantly, Local Rule 26-6(b) states: "All motions to compel discovery … must set forth in full the text of the discovery originally sought and any response to it." Plaintiff seeks to compel his RFAs admitted, but does not state the text of the RFAs at issue; nor does he provide the Defendants' responses as exhibits. This prevents the Court from assessing whether any given response to Plaintiff's requests was inadequate. By way of example, Plaintiff allegations regarding certain types of responses, as stated on page 5 of ECF No. 64, are indecipherable. Thus, the Court does not rule on these allegations.

However, Plaintiff must take note that an RFA response stating an objection followed by an admission or denial generally meets the requirements of Fed. R. Civ. P. 36. *Evans v. Tilton*, Case No. 1:07-cv-01814-DLB (PC), 2010 WL 1610988, at **2-4 (E.D. Cal. Apr. 21, 2010) (finding denials after various types of objections sufficient and denying the motion to compel). Plaintiff is not to file a fourth motion seeking to deem his Requests for Admissions admitted based on the fact that Defendants objected to each or any RFA before admitting or denying that RFA as this alone is not a basis to deem an RFA admitted. A fourth motion to deem his RFAs admitted based on Defendants asserting objections followed by admissions or denials may result in an award of attorneys' fees to the Defendants who respond to such a motion.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Deem Requests for Admission Admitted (ECF No. 64) is DENIED.

Dated this 20th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2